SEDGWICK, DETERT, MORAN & ARNOLD LLP
JAMES J.S. HOLMES  Bar No. 126779
james.holmes@sdma.com
KANIKA D. CORLEY  Bar No. 223607
kanika.corley@sdma.com
801 South Figueroa Street, 19th Floor
Los Angeles, California 90017-5556
Telephone:   (213) 426-6900
Facsimile:    (213) 426-6921

Attorneys for Defendant
Manyan Color Shop, Inc. dba Marye-Kelley
(erroneously sued herein as MARYE-KELLEY, LLC,
a Texas Limited Liability Company dba MARYE-KELLEY)

David Albert Pierce, Esq. [SBN 162396]
Fumio Robert Nakahiro, Esq. [SBN 130110]
PIERCE LAW GROUP LLP
9100 Wilshire Boulevard
Suite 225 East Tower
Beverly Hills, California 90212
Telephone:   (310)274-9191
Facsimile:    (310)274-9151

Attorneys for Plaintiffs, G. M. F., an individual minor by and through his Guardian
Ad Litem, BRUCE FINE, BRUCE FINE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| G.M.F., an individual minor, by and through his Guardian Ad Litem, BRUCE FINE, BRUCE FINE, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>MARYE-KELLEY, LLC, a Texas Limited Liability Company, d/b/a MARYE-KELLEY, and DOES 1 to 10, inclusive,<br><br>        Defendants. | CASE NO. CV09-00373 JFW (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[Proposed Order Filed Concurrently Herewith]**<br><br><br><br><br><br>Complaint Filed:  January 20, 2009 |

NOTE CHANGES MADE BY THE COURT ON PARAGRAPH 18

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order (hereinafter, "Order").

**1.    DEFINITIONS**

a.    Producing Party:  The phrase "Producing Party" shall mean any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material (as defined below) during discovery for this action, or one who designates any Discovery Material produced by another party or third party.

b.    Receiving Party:  The phrase "Receiving Party" shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

c.    Document:   The term "Document" shall mean every means of recording any information in any tangible form including but not limited to, communication or representation upon any tangible thing, such as letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of writing contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

d.    Discovery Material: The phrase "Discovery Material" shall mean any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries,

///

compilations, designations, and portions thereof; briefs and other filings that contain such information.

e.  Designated Material:  The phrase "Designated Material" shall mean any Discovery Material designated by the Producing Party as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL—ATTORNEYS' EYES ONLY," which the Producing Party believes in good faith contains trade secrets and/or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law.  Unless otherwise agreed to by the parties, Designated Materials shall be limited to the following categories:

f.  Client Information: The phrase "Client Information" shall mean any document or combination of documents that relate to or comprise the Producing Party's customer information (including, but not limited, to telephone number, street address, and credit card information) maintained or contained in forms such as client lists, mailing lists, invoices and receipts, shall be protected in a manner necessary to preserve the Producing Party's trade secret or other privileged information contained therein.

g.  Business Plan: The phrase "Business Plan" shall mean any document or combination of documents (including but not limited to meeting minutes, presentations, reports and business strategies) that relate to or comprise a strategy, formula, scheme or plan that summarizes or details the manner in which the Producing Party operates, runs, manages, oversees, implements or controls its prospective business ideas, products, services, activities, business partners, suppliers, and service providers, shall be protected in the manner necessary to preserve the Producing Party's trade secret or privileged information contained therein.

///

1        h.     Advertising Plan: The phrase "Advertising Plan" shall mean any
2   document, or combination of documents (including but not limited to
3   communications with advertisers, and document containing advertising strategies)
4   that relate to or comprise a strategy, scheme or plan which summarizes or details
5   the manner in which the Producing Party operates, runs, manages, oversees or
6   controls its marketing, media and advertising activities, shall be protected in a
7   manner necessary to preserve the Producing Party's trade secret or other privileged
8   information contained therein.

9        i.     Financial Information: The phrase "Financial Information" shall mean
10  any document or combination of documents, such as bookkeeping records, tax
11  forms and filings, financial statements, bank records, investment records, employee
12  account records, business transactional records, and shareholder records which
13  contain, summarize, or detail confidential business deals, transactions or actions,
14  shall be protected in a manner necessary to preserve the Producing Party's trade
15  secret or other privileged information contained therein.

16  **2.    SCOPE OF THIS ORDER**

17        This Order shall be applicable to and govern all depositions, documents
18  produced in response to requests for production of documents, answers to
19  interrogatories, responses to requests for admission and all other discovery taken
20  pursuant to the Federal Rules of Civil Procedure, as well as documents produced
21  by either party in response to informal discovery requests which the Disclosing
22  Party designates as "CONFIDENTIAL MATERIAL" or "RESTRICTED
23  MATERIAL—FOR ATTORNEYS' EYES ONLY" hereafter furnished or already
24  in the possession of the Receiving Party, directly or indirectly, by or on behalf of
25  any party in connection with this action. The Order shall also apply to any
26  information copied from the Designated Material, and all copies, excerpts, and
27  summaries thereof, as well as testimony and oral conversations which reveal that
28  information.

**3.    PROTECTION FOR DESIGNATED MATERIAL**

Designated Material, as defined and categorized under paragraph 1(e), shall be protected under this Order to prevent unintended disclosure of confidential trade secret and privileged information contained therein.

**4.    DESIGNATIONS**

In designating Discovery Material as "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL—FOR ATTORNEYS' EYES ONLY," a party shall make such a designation only for Discovery Material which that party in good faith believes contains trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law.  For a designation of Discovery Material as "RESTRICTED MATERIAL—FOR ATTORNEYS' EYES ONLY" the party must additionally believe in good faith that the Discovery Material must be protected from disclosure to the parties themselves in this litigation and must be subject to the restricted disclosure provided for below. The designations, CONFIDENTIAL   MATERIAL   and   RESTRICTED   MATERIAL—FOR ATTORNEYS' EYES ONLY, shall be used solely for the purpose of conducting this litigation and not for any other purpose.

**5.    ACCESS TO DESIGNATED MATERIAL**

**a.**    Discovery Material designated as "CONFIDENTIAL MATERIAL" may be disclosed only to the following persons:

i.    Counsel of record to any party in connection with this action, including in-house counsel;

ii.    any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

iii.    any parties to this action who are individuals, and the employees, directors or officers of parties to this action who are corporations

or partnerships, to the extent necessary to further the interest of the parties in this litigation;

iv.     any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a)(i)  to assist in the preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

v.     any witnesses who appear for deposition in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the Designated Material confidential; and

vi.     the Court.

**b.**     Discovery Material designated as "RESTRICTED MATERIAL—FOR ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

i.     Counsel of record to any party in connection with this action, including in-house counsel;

ii.     any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

iii.     any person not employed by a party, excluding anyone who is a party to this action, who is expressly retained or sought to be retained by any attorney described in paragraph 5(b)(i) to assist in the preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

iv.     any witnesses, including experts, who appear for deposition in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential;

v.     the Court.

c.      Though RESTRICTED MATERIAL—FOR ATTORNEYS' EYES ONLY may not be disclosed to the parties or their employees, nothing herein shall preclude counsel from communicating with the parties generally about the content of RESTRICTED MATERIALS to the extent such communication is necessary to provide adequate legal advice regarding the litigation or settlement of this action.

**6.      PROCEDURE FOR MARKING DESIGNATED MATERIAL**

The Producing Party shall mark Designated Material in the following manner:

a.      Documents:  In the case of documents or any other tangible thing produced, designation shall be made by placing the appropriate legend "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL—ATTORNEYS' EYES ONLY" on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing.

b.      Original Files or Records:  In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents produced shall be considered as Designated Material.  Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark the legend "CONFIDENTIAL MATERIAL" or "RESTRICTED MATERIAL—ATTORNEYS' EYES ONLY" on the copies of such documents that may contain confidential information at the time the copies are produced to the Receiving Party.

c.      Deposition Testimony:  In the case of deposition testimony, transcripts or portions thereof, a designation that such testimony is confidential shall be made by the Producing Party either (1) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked with the legend "CONFIDENTIAL MATERIAL" OR "RESTRICTED MATERIAL—ATTORNEYS' EYES ONLY"

as the Producing Party may direct, or (2) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent.  Pending expiration of the ten (10) business days, all parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript as if it is a Designated Material.

No persons other than the deponent shall attend depositions the subject of which is primarily confidential trade secret or privileged information, unless such person is an authorized recipient of Designated Material under the terms of this Order.

**7.      CONTESTING AND REMOVING THE DESIGNATION**

a.      Contesting the Designation:  Any party may contest a claim of confidentiality.  Any party objecting to the designation of any Discovery Material as Designated Material, whether as "CONFIDENTIAL MATERIAL" or as "RESTRICTED MATERIAL—ATTORNEYS' EYES ONLY," may do so pursuant to Fed. R. Civ. P. 26-37, in compliance with Local Rule 7-1, *et seq*, Local Rule 37 and the Standing Order. The Designated Material, regardless of designation, shall be deemed as such until the matter is resolved.

b.      Removing the Designation: The Producing party may remove the designation of Designated Material by providing the Receiving Party with written notice of the removal.

**8.      RESTRICTION ON DISCLOSURE AND USE**

a.      Confidentiality:  Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall be kept confidential and shall not be given,

-8-

shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order, and shall be used solely for the purposes of this litigation and no other purpose. Counsel for the Receiving Party shall ensure that all persons afforded access to Designated Materials (other than the Court) comply with the terms of this Order.

b. Maintenance of Designated Material: The Receiving Party shall maintain Designated Material so as to ensure that access is limited to those persons entitled to have access under this Order.

c. The Producing Party is free to do whatever it desires with its own Designated Material.

**9. CONDITIONS ON ACCESS TO DESIGNATED MATERIAL**

A Receiving Party, prior to disclosure of Producing Party's Designated Material to Experts, shall:

a. Serve a notice on the Producing Party, identifying the expert and providing a copy of his or her resume or curriculum vitae which shall include at a minimum, the expert's business address, business telephone numbers, present employer and position (along with a job description), consulting activities and job history for the past three years, and past or present relationship, if any, with the Receiving Party and/or the Producing Party;

b. Include with such notice, a copy of the Acknowledgment of Protective Order, in the form shown in Exhibit A, which is attached hereto, signed by the expert and including all the information to be completed therein;

c. The Producing Party may object to such disclosure to the expert within five (5) business days after receipt of the notice and Acknowledgment of Protective Order by stating specifically in writing the reasons why such expert should not receive the Designated Material;

d. The parties shall meet and confer within five (5) business days after

1   the Producing Party serves its objection, for the purpose of attempting to resolve
2   the objection;

3        e.    If the objection is not resolved by the parties, the Producing Party may
4   file and serve a motion to prevent disclosure within ten (10) calendar days, to the
5   extent the filing complies with Fed. R. Civ. P. 26-37, Local Rule 7-1, *et seq*, Local
6   Rule 37 and the Standing Order

7        f.    No disclosure of Designated Material shall be made to the proposed
8   expert until the parties resolve the matter, the objection is withdrawn, or the Court
9   permits such disclosure; and

10       g.    The filing and pendency of objections shall not limit, delay, or defer
11  any disclosures of Designated Material to persons as to whom no such objection
12  has been made, nor shall it delay or defer any other pending discovery, unless the
13  level of confidentiality bears directly on the objecting party's ability to conduct
14  such discovery.

15  **10.    FILING PAPERS WITH DESIGNATED MATERIAL**

16       Designated Material may be included with, or referred to in, papers filed
17  with the Court where this case is now pending or in any other Court only in
18  accordance with the following procedures:

19       a.    The producing party is to comply with Local Rule 79-5 in an effort to
20  have the documents filed under seal. If the court grants request of the producing
21  party to file under seal, such Designated Material must be filed in sealed envelopes
22  endorsed with the title of this action, an indication of the contents of the envelope,
23  the identity of the filing party and the legend "CONFIDENTIAL—SUBJECT TO
24  PROTECTIVE ORDER - NOT TO BE DISCLOSED EXCEPT BY COURT
25  ORDER OR WRITTEN STIPULATION OF THE PARTIES." To the extent this
26  procedure conflicts with the Federal Rules of Civil Procedure, Local Rules and/or
27  the Standing Order, the procedure set forth herein is void.

28

b.      To the extent any party intends to file pleadings and/or memoranda of law that includes all or any portion of information set forth in Designated Material, the filing party shall comply with Local Rule 79-5 in an effort to must be filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in paragraph 10(a). Counsel for the party filing papers with Designated Material shall be responsible for designating all papers filed with the Court as Designated Material and marked with the appropriate legend.   Such papers shall be subject to the terms of this Order.

**11.     REDACTED FILINGS OF PAPERS WITH DESIGNATED MATERIAL**

Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

a.      All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

b.      Redacted versions of the papers are clearly marked with the legend "PUBLIC VERSION—CONFIDENTIAL MATERIAL OMITTED." Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

**12.     UNINTENTIONAL FAILURE TO DESIGNATE**

If, through inadvertence or for material produced before entry of this Order, a Producing Party produced any Designated Material associated with this action without designating it with the applicable legend, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Discovery Material, and the Receiving Party shall treat the disclosed Discovery Material as Designated Material upon receipt of written notice from the Producing Party. Disclosure of such Designated Material to persons not authorized to receive

that Discovery Material prior to receipt of the written notice of confidentiality shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation asserted in the written notice of confidentiality, the Receiving Party will take the steps necessary to conform distribution of such documents to said designation, i.e., by retrieving all copies of the Designated Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Designated Material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order.

**13.     UNINTENTIONAL DISCLOSURE OF PRIVILEGED**
**         INFORMATION**

Counsel for the parties shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any Discovery Material. If, however, any party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, that party may request the documents or material be returned, and attach a privilege log with an entry pertaining to the documents or material that is privileged or otherwise immune from discovery.  If that request is made and the privilege log provided, no party to this action shall thereafter assert that the disclosure waived any privilege or immunity.  It is further agreed that the Receiving Party will return or destroy the inadvertently produced documents or material, and all copies and derivations, within five (5) business days of the Receiving Party's receipt of a written request for the return of the documents or material.   The Receiving Party having returned the inadvertently produced documents or material may thereafter seek production of the documents or material in accordance with the Federal Rules of Civil Procedure.  To the extent that any such inadvertently produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this

paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material is submitted to the Receiving Party.

**14.   INFORMATION COVERED BY THIS ORDER**

a.      Information Not Covered Under this Order:  The restrictions set forth in this Order shall not apply to information which is (1) in the possession of or otherwise known to the Receiving Party and the public before the date of its transmission to the Receiving Party, or (2) lawfully comes into the possession of or becomes known to the Receiving Party, by means other than production by the Producing Party to this Order, or (3) lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party in violation of this Order.

b.      Information Covered Under this Order: This Order covers all information produced before and after entry of this Order.  This order shall only apply to information produced before entry of this Order, which is (1) Designated Material that meets one of the definitions under paragraph 1(e), and (2) the Producing Party has satisfied the notice requirement of this Order, or such information has already been produced with a privilege log.

**15.   FINAL DISPOSITION**

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective counsel, within sixty (60) calendar days.  However, counsel may retain pleadings, attorney and consultant work product, and depositions for archival purposes.  If Designated Material is destroyed pursuant to this paragraph, counsel for the Receiving Party shall provide to counsel for the Producing Party a certification identifying when and how the destruction was performed.  The provisions of this

1  Order insofar as it restricts the disclosure, communication of, and use of
2  Designated Material produced hereunder shall continue to be binding after the
3  conclusion of this action.

4  **16.    DISCLOSURE OF DESIGNATED MATERIAL AT TRIAL OR PRE-**
5  **TRIAL HEARINGS**

6           At trial or on appeal, the parties shall meet and confer in good faith to re-
7  designate or redact confidential designations to minimize the amount of
8  confidential information to be used at trial.

9  **17.    NO LIMITATION OF OTHER RIGHTS**

10          This Order shall be without prejudice to the right of any party to oppose
11  production of any information on any and all grounds other than confidentiality.

12  **18.    EXTENSION OF DEADLINES**

13          Any of the deadlines set forth in this Order may be extended by agreement
14  of the parties except deadlines set by the Standing Order, the Scheduling and Case
15  Management Order, or other court order.

16  **19.    RELEASE FROM OR MODIFICATION OF THIS ORDER**

17          This Order is entered without prejudice to the right of any party to apply to
18  the Court at any time for additional protection, or to release, rescind, or modify the
19  restrictions of this Order, to determine whether a particular person shall be entitled
20  to receive any particular information or to seek relief from inadvertent disclosure
21  of privileged or work-product information. This Order does not preclude all of the
22  parties to this Order from entering into any stipulation (in writing or on the record)
23  constituting a modification of this Order. On any motion seeking disclosures
24  beyond those authorized by this Order, the burden will be on the Receiving Party
25  to justify the disclosure.

26  **20.    DISCOVERY FROM THIRD PARTIES**

27          If discovery is sought of a person not a party to this action ("third party")
28  requiring disclosure of such third party's Designated Material, the Designated

-14-

1  Material disclosed by any such third party will be accorded the same protection as

2  the parties' Designated Material, and will be subject to the same procedures as

3  those governing disclosure of the parties' Designated Material, pursuant to this

4  Order.

5  **21.    ADMISSIBILITY**

6  Nothing herein shall be construed to affect in any way the evidentiary

7  admissibility of any document, testimony, or other matter at any Court proceeding

8  related to this mater. The marking of Designated Material pursuant to this Order

9  shall not, for that reason alone, bar its introduction or use at any Court proceeding

10  related to this matter pursuant to such terms and conditions as the Court may deem

11  appropriate, consistent with the need for a complete and accurate record of the

12  proceedings; provided, however, that every effort shall be made, through the use of

13  procedures agreed upon by the parties or otherwise, to preserve the confidentiality

14  of the Designated Material. The mere fact that any Discovery Material has been

15  marked as Designated Material shall not constitute an admission by the Receiving

16  Party that any such materials are in fact confidential.

17  **22.    NON-PARTY REQUEST/SUBPOENA OF DESIGNATED**

18  **MATERIAL**

19  If a Receiving Party receives a subpoena or other compulsory process from a

20  non-party to this Order seeking production or other disclosure of a Producing

21  Party's Designated Material, that Receiving Party shall give written notice to

22  counsel of record for the Producing Party within ten (10) business days after

23  receipt of the subpoena or other compulsory process identifying the specific

24  Designated Material sought and enclosing a copy of the subpoena or other

25  compulsory process.  If the Producing Party timely seeks a protective order, the

26  Receiving Party to whom the subpoena or other compulsory process was issued or

27  served shall not produce the Designated Material requested (prior to receiving a

28  Court order or consent of the Producing Party).  In the event that Designated

1   ///

2   Material is produced to the non-party, the parties shall continue to treat such as

3   Designated Material, pursuant to this Order.

4   **23.   UNINTENTIONAL DISCLOSURE OF DESIGNATED MATERIAL**

5          If Designated Material, or any portion thereof, is disclosed by the Receiving

6   Party, through inadvertence or otherwise, to any person or party not authorized

7   under this Order, then the Receiving Party shall use its best efforts to retrieve

8   immediately all copies of such Designated Material, and to bind such person to the

9   terms of this Order.  In such event, the Receiving Party shall also; (a) promptly

10  inform such person of all the provisions of this Order; (b) identify such person

11  immediately to the Producing Party; and (c) request such person to execute the

12  Acknowledgment of Protective Order in the form shown in Exhibit A.   This

13  provision is without limitation to other remedies that the Producing Party may seek

14  for any violations of this Order.

15  **24.   COUNSEL'S RIGHT TO PROVIDE ADVICE**

16         Nothing in this Order shall bar or otherwise restrict any counsel herein from

17  rendering advice to the counsel's party-client with respect to this action, and in the

18  course thereof, relying upon an examination of Designated Material, provided,

19  however, that in rendering such advice and in otherwise communicating with the

20  party-client, the counsel shall not disclose any Designated Material, nor the source

21  of any Designated Material, to anyone not authorized to receive such Designated

22  Material pursuant to the terms of this Order.

23  DATED: September 16, 2009  SEDGWICK, DETERT, MORAN & ARNOLD
                               LLP

24

25                             By:    /s/ Kanika D. Corley
                                      James J.S. Holmes
26                                    Kanika D. Corley
                                      Attorneys for Defendant
27                             Manyan Color Shop, Inc. dba Marye-Kelley
                               (erroneously sued herein as MARYE-KELLEY,
28                             LLC, a Texas Limited Liability Company dba

-16-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARYE-KELLEY)
DATED: September 16, 2009 PIERCE LAW GROUP, LLP


By:   /s/ Fumio Robert Nakahiro
      David Albert Pierce
      Fumio Robert Nakahiro
      Attorneys for Plaintiffs
G. M. F., an individual minor by and through his
Guardian Ad Litem, BRUCE FINE, BRUCE FINE

## **ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

I, _____, hereby acknowledge that:

I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") which was entered by the Court on _____, 2009 in *G.M.F., an individual minor, by and through his Guardian Ad Litem, Bruce Fine, et al. v. Marye-Kelley, LLC*, Case No. CV-09-00373-JFW(AGRx).

I hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.


DATED: _____ 2009.


Name: _____


Signature: _____